No. 282

STATE OF OHIO v. CHRIS. HOOLEY

No. 18455. Pending in Supreme Court
On motion to certify. Docketed March 20, 1924. 2 Abs. 226.
Error to Logan Court of Appeals

480. EVIDENCE—Taking judicial knowledge of location of a school house—Consummation of act in another county, than alleged in indictment.

The facts in this case and the questions involved are set forth in the case of Hooley v. State, found in this number of the Abstract, page

It is the contention of the Prosecuting Attorney, counsel for the State, that the record shows that the girls, in West Liberty, were under the observation of the juvenile officer of Logan county, and the court will take judicial knowledge that West Liberty is in Logan county. That there is nothing in the record to show that the school house mentioned therein is not in Logan county, and that if it were shown that the school house, where the offer of whisky was made, was in Champaign and not in Logan county, yet if the agreement or offer to take and transfer for the purposes

alleged in the statute was made in Logan county, as the proof showed, the offense would be complete, and the defendant would be answerable although his acts were consumated in another county.

Attorneys—E. K. Campbell, Pros. Atty., for State; Miller & Middleton, for Hooley, all of Bellefontaine.

## U. S. COURT OF APPEALS
### No. 299
### RESPASS et al v. ODEN

U. S. Circuit Court of Appeals, 6th Circuit
No. 3871. Decided Dec. 4, 1923

147. BILLS AND NOTES—Condition in note limiting payment in case of loss to maker on purchase of an oil lease on a specified lot construed.

465. ERROR—Exceptions essential to review trial to court by written stipulation where no findings are made.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

Oden recovered a judgment on a promissory note given by the defendant, Respass et al. The note was in the usual form save for the clause: "This note is to be paid only in case J. B. Oden sustains a loss through the purchase of Lot. No. 9, etc." The note represented money advanced by Oden, which was used as a first payment on an oil lease on the lot which the parties were buying together. Later Oden furnished the same amount for the second payment and the other parties the same amount for the third and final payment. Oil development was unsuccessfully attempted and the lot proved to be worthless. The makers of this note insisted that thi sconditional clause referred only to a loss if payments were not made and did not contemplate a loss developing after the purchase was complete. The trial court rendered a verdict in favor of plaintiff, whereupon defendants prosecuted error. In sustaining the judgment of the lower court, the United States Circuit Court held:

1. A promissory note, given for money advanced by the payee to pay an installment due on an oil lease, in which both parties were interested, containing a provision that it should be payable only in case he sustained a loss through purchase, held collectible, where the lease proved worthless.

2. Where an action is tried to the court by written stipulation in accordance with Rev. St., par. 649 (Comp. St., par. 1587), and no findings are made, only rulings excepted to are reviewable.

Attorneys—Villard Martin, Muscogee, Okla., for Respass et al; Frank M. Coburn and Tracy, Chapman & Welles, Toledo, for Oden.